IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

JAMES J. HOLLIS,

        Petitioner,

   v.

WARDEN, ROSS CORRECTIONAL INSTITUTION,

        Respondent.

CASE NO. 2:11-CV-1133
JUDGE JAMES L. GRAHAM
Magistrate Judge Elizabeth A. Preston Deavers

## OPINION AND ORDER

On November 25, 2013, the Magistrate Judge issued a *Report and Recommendation* recommending that the instant petition for a writ of habeas corpus be dismissed.  Petitioner has filed an Objection to the Magistrate Judge's *Report and Recommendation*.  (*See* ECF Nos. 15, 16.)

Petitioner objects to the Magistrate Judge's dismissal on the merits of his claim of insufficiency of the evidence.  Petitioner makes all of the same arguments he previously presented.  He again contends that the State only established, at the most, his presence at the scene of the crime.  He again argues that the State failed to establish that it was his pubic hair which was found in the blood-stained sheets wrapped around the victim's head, because in 1992, test results indicated he was not a match.  He disputes the evidence indicating that it took two people to enter a window by using a bucket.  He points out that police failed to obtain fingerprint evidence, witnesses to the offense, the murder weapon, or other evidence tying him to the crime, including any evidence that the bite marks or saliva left on the victim belonged to him.  He contends that the prosecution failed to establish that he had the purposeful intent required to

1

establish the charge of complicity to commit murder. He argues that his alibi establishes his innocence of the charge.

For the reasons already addressed in the Magistrate Judge's *Report and Recommendation,* the Court finds none of these arguments to be persuasive. To the extent that Petitioner again raises a claim regarding the alleged violation of state law, this claim fails to provide a basis for federal habeas corpus relief. *See* 28 U.S.C. § 2254(a). The test results of the hair located at the scene of the crime initially failed to establish a link to Petitioner. Later DNA analysis, however, matched and linked Petitioner to the hair found at the scene of the crime. *See State v. Hollis*, 09CA9, 2010 WL 3294327, at *3 (Ohio App. 4th Dist. Aug. 5, 2010). As discussed by the Magistrate Judge, the standard for reviewing a claim of insufficiency of the evidence requires this Court to view all of the evidence in the light most favorable to the prosecution. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). This Court may therefore presume that the jury rejected Petitioner's alibi defense as well as his explanation for the presence of his hair at the scene. Reviewing all of the evidence under this standard, this Court agrees with the Magistrate Judge that the evidence was constitutionally sufficient to sustain Petitioner's conviction.

Pursuant to 28 U.S.C. § 636(b), this Court has conducted a *de novo* review. For the reasons discussed by the state appellate court and detailed in the Magistrate Judge's *Report and Recommendation*, Petitioner's *Objection* (ECF No. 15, 16) is **OVERRULED**. The *Report and Recommendation* is **ADOPTED** and **AFFIRMED**. This action is hereby **DISMISSED.**

Date: February 14, 2014                                    s/James L. Graham
                                                          _____
                                                          JAMES L. GRAHAM
                                                          UNITED STATES DISTRICT JUDGE